UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSHAY JOHNSON, | No. 2:15-cv-2269-MCE-EFB P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| J. BREAD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.[1] He requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

## SCREENING REQUIREMENT

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

**PLAINTIFF'S COMPLAINT**

Plaintiff's complaint asserts three purported claims and identifies J. Beard and J. Shaffer as the only two defendants in this action.  First, plaintiff claims that defendants transferred him to Pleasant Valley State Prison ("PVSP") knowing that they would be exposing him to Valley Fever. Plaintiff alleges that he unsuccessfully challenged the transfer, and shortly after arriving at PVSP became sick.  A doctor diagnosed him with asthma, which plaintiff believes was caused by exposure to Valley Fever.  Second, plaintiff claims that the Board of Parole Hearings has failed to fully follow and correctly apply its own regulations.  Finally, plaintiff claims that he has false information in his file that suggests that he is a Blood gang member or affiliate, which in turn has resulted in unfair hearings before the Board of Parole Hearings.  Plaintiff requests injunctive relief and damages.  Compl. at 3-21.

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  *Id.*  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo*, 423 U.S. 362; *May*

3

1    *v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.  Vague and conclusory
2    allegations of official participation in civil rights violations are not sufficient.  *Ivey*, 673 F.2d at
3    268.
4         As to plaintiff's claim concerning his transfer to PVSP, he is advised that a prisoner may
5    state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with
6    deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk
7    of serious damage to his future health."  *Helling v. McKinney*, 509 U.S. 25, 35 (1993).  Although
8    district courts in the Ninth Circuit have disagreed over whether a prisoner's complaint about mere
9    exposure to Valley Fever can state a cognizable claim for relief, the Ninth Circuit has recently
10   indicated that mere exposure may state a viable Eighth Amendment claim even when the prisoner
11   does not contract disease.  *See Smith v. Schwarzenegger*, No. 09-15716, 393 F. App'x 518 (9th
12   Cir. Aug. 30, 2010); *Beagle v. Schwarzenegger*, 107 F. Supp. 3d 1056, 1063-69 (E.D. Cal. 2014).
13        In this case, plaintiff has identified J. Beard, the Director of the California Department of
14   Corrections and Rehabilitation, as the relevant defendant with respect to this claim.  As noted
15   above, however, supervisory personnel are generally not liable under § 1983 for the actions of
16   their employees under a theory of *respondeat superior*.  The Ninth Circuit has made clear that a
17   supervisory defendant may be held liable under § 1983 only "'if there exists either (1) his or her
18   personal involvement in the constitutional deprivation, or (2) a sufficient causal connection
19   between the supervisor's wrongful conduct and the constitutional violation.'"  *Starr v. Baca*, 652
20   F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).  If
21   plaintiff wishes to proceed on this claim against J. Beard he will need to allege facts in his
22   amended complaint clarifying the causal connection between this defendant and his alleged
23   constitutional deprivations.  In this regard, plaintiff will need to allege facts demonstrating that
24   Beard was aware of a substantial risk of serious harm to plaintiff's health and failed to take
25   reasonable action to minimize that risk.  *Helling*, 509 U.S. at 35.
26        As to plaintiff's claims concerning parole, plaintiff is advised that California's parole
27   statutes give rise to a liberty interest protected by the federal Due Process Clause.  *Swarthout v.*
28   *Cooke*, 562 U.S. 216, 219 (2011).  In California, a prisoner is entitled to release on parole unless

there is "some evidence" of his current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 616, 651-53 (2009). However, the U.S. Supreme Court has made clear that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." *Swarthout*, 131 S. Ct. at 220-21. The Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented, or relied upon, at a parole proceeding. *Id.* at 220-22. Rather, the protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements, specifically, "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Id.* at 220.

In this case, plaintiff has identified J. Shaffer, the Chairperson of the Board of Parole Hearings, as the relevant defendant with respect to his parole claims. In any amended complaint plaintiff elects to file, he will need to clarify what constitutional right he believes defendant Shaffer has violated and support each claim with factual allegations about the defendant's actions. Plaintiff is advised that, under California law, "[r]egardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15, § 2281(a)). *See also* Cal. Penal Code § 3041(b) (a parole date cannot be fixed where the Board finds the inmate unsuitable for parole).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 5, 9) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: June 7, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE