1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   OSHAY JOHNSON,                          No.  2:15-cv-2269 MCE DB P

12                Plaintiff,

13        v.                                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   ARNOLD SCHWARZENENGGER, et al.,

15                Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action under 42 U.S.C. § 1983.  Plaintiff alleges that (1) a prison transfer exposed him to Valley

19   Fever and caused him to develop numerous health problems, including asthma; (2) because he

20   was denied parole, his sentence is disproportionate to his offense; and (3) his gang classification

21   is racially motivated.  Plaintiff's first amended complaint is before the court for screening.  For

22   the reasons set for the below, the court finds plaintiff has stated potentially cognizable claims

23   against some defendants regarding his exposure to Valley Fever and recommends plaintiff's

24   claims regarding the denial of parole and gang classification be dismissed without prejudice.

                                    **BACKGROUND**

26        Plaintiff filed his initial complaint here on November 2, 2015.  On screening, the court

27   found plaintiff failed to state any cognizable claims for relief.  (ECF No. 10.)  Plaintiff was

28   ////

                                          1

provided leave to file an amended complaint.  On August 4, 2016, plaintiff filed a first amended complaint.  (ECF No. 16.)

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. The court must explain to the plaintiff any deficiencies in his complaint and accord plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic, 550 U.S. at 570).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 679.  Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

**II.     Allegations of the First Amended Complaint**

Plaintiff is a state prisoner incarcerated at Folsom State Prison.  Plaintiff identifies the following defendants:  (1) Arnold Schwarzenegger, Governor; (2) Matthew Cates, Secretary Director of the California Department of Corrections and Rehabilitation ("CDCR"); (3) M. Ledesia, Classification Staff Representative, CDCR; (4) R. Wong, Chief Deputy Warden,

2

California State Prison – Solano ("CSP-Solano"); (5) C. Scavette, Assistant Warden, CSP-Solano; (6) D.K. Sisto, Warden, CSP-Solano; (7) James A. Yates, Warden, Pleasant Valley State Prison ("PVSP"); (8) R. Shannon, Facility Captain, PVSP; (9) Jerry Brown, Governor; (10) Cynthia Fritz, Commissioner of Board of Parole; (11) Stewart Gardner, Commissioner of Board of Parole; (12) Jennifer Shaffer, Chairperson of Board of Parole; (13) D. Artis, Appeals Examiner, CDCR; (14) R. J. Rackley, Warden, Folsom State Prison ("Folsom"); and (15) J. Beard, Director, CDCR.  (First Am. Compl. ("FAC") at 2-2A (ECF No. 16 at 2-3).)

Plaintiff alleges three claims.  First, he claims some defendants exposed him to Valley Fever when they transferred him to PVSP and denied his requests to be transferred from there.  Second, he claims he has been unlawfully denied parole, resulting in a sentence that is disproportionate to his crime.  Third, he challenges his gang affiliation classification.

### A.  Exposure to Valley Fever

Plaintiff alleges that in July 2008 a decision was made to transfer him from CSP-Solano to PVSP.  At that time, plaintiff had not been exposed to the disease Valley Fever.[1]  Plaintiff had a "committee hearing" where his transfer was discussed.  Plaintiff verbally objected to being transferred to PVSP.  Defendant Wong was the chairperson at the hearing and his recommendation that plaintiff be transferred to PVSP was approved by defendant Scavette at the hearing.  Plaintiff states this recommendation was then forwarded to the Classification Staff Representative, who he appears to identify here as defendant Ledesia.  (FAC at 3-3A to 4-3A (ECF No. 16 at 7-8).)

Plaintiff filed an appeal of the transfer decision.  He argued that sending him to PVSP would endanger him, particularly because he is African-American and therefore more susceptible

---

[1] Plaintiff explains that Coccidioidomycosis, commonly known as Valley Fever, is a serious infectious disease contracted by the inhalation of an airborne fungus, which is endemic in the soil of various parts of the Southwest, including the Central Valley of California.  (FAC at 1-3A (ECF No. 16 at 5).)  The risks of Valley Fever have been well-documented in many cases filed in this district.  Currently, the Ninth Circuit Court of Appeals is considering a number of related cases by prisoners who contracted Valley Fever when they were incarcerated in prisons in California's Central Valley, the "hyperendemic zone" for Valley Fever.  See Smith v. Schwarzenegger, 137 F. Supp. 3d 1233, 1235-37 (describing Valley Fever risks in the Central Valley), appeal docketed, No. 15-17155 (9th Cir. Oct. 28, 2015) (oral argument scheduled for May 17, 2017).

to Valley Fever.  Plaintiff states that the prison refused to process his appeal at the second level.

Therefore, he wrote Warden Sisto, Director Cates, the "Inspector General," and the "CSR-Chief."

Plaintiff states that he received responses from the Inspector General and from the CSR-Chief.

(FAC at 4-3A (ECF No. 16 at 8).)

Plaintiff sent his appeal directly to the third level of review, the Director's level.  Director

Cates returned the appeal for plaintiff's failure to obtain second level review.  When plaintiff

again attempted second level review, he never received a response.  (Id.)

On August 29, 2008, defendant Ledesia approved the transfer to PVSP.  Plaintiff wrote

Ledesia to attempt to stop the transfer.  However, Ledesia did not respond until after plaintiff had

been transferred.  On September 10, 2008, plaintiff was transferred to PVSP.  (Id.)

When he arrived at PVSP, plaintiff had another committee hearing.  He requested a

transfer out of PVSP due to the risk of Valley Fever.  That request was denied.  Plaintiff filed an

appeal and wrote letters in attempts to be transferred.  (FAC at 5-3A (ECF No. 16 at 9).)

Plaintiff states Warden Yates, Facility Captain Shannon, and CDCR Director Cates failed

to take measures to protect inmates at PVSP from inhaling airborne dust.  Plaintiff states that he

was not provided a breathing mask or other device, and there were no special filters at the facility

to reduce dust. (Id.)

In January 2009, plaintiff had flu-like symptoms.  After being diagnosed with the flu,

plaintiff continued to suffer "more symptoms of Valley Fever" including weight loss, headaches

and coughing.  Lab work done in March 2009 showed that plaintiff was negative for Valley Fever

but that he might need to be re-tested.  Plaintiff was tested again in July 2009.  When he was

transferred to the California Medical Facility ("CMF") on September 23, 2009, he had not seen

the results and, despite requests for them, has never been provided with them.  (FAC at 6-3A

(ECF No. 16 at 10).)

For two years while at CMF, plaintiff suffered, on and off, night sweats, headaches, and

body aches.  He also developed sleeping problems, breathing complications, chronic back pain,

increased knee pain, deterioration of his eye sight, and got sick more often.  (Id.)

////

4

In 2013, plaintiff was informed that he had developed asthma.  He was told it was due to exposure to Valley Fever.  He has been treated for asthma since then.  In 2014, plaintiff was considered for a transfer and was told that because he had been exposed to Valley Fever, he could not be transferred to any prison in the "epidemic zone."  (FAC at 6-3A to 7-3A (ECF No. 16 at 10-11).)

Plaintiff alleges liability of Schwarzenegger and Cates based on their status as supervisors of CDCR employees.  (FAC at 9-3A (ECF No. 16 at 13).)

### B.   Failure to Grant Parole

In his second claim, plaintiff alleges he is serving a period of confinement that is disproportionate to his individual culpability and the offense in violation of his rights under the Eighth Amendment and the Due Process and Equal Protection Clauses.  (FAC at 12-3A (ECF No. 16 at 31).)   Essentially, plaintiff challenges the denial of parole.  Plaintiff contends defendants Brown and Shaffer violated his rights by failing to adequately supervise parole board members. He contends defendants Fritz and Gardner violated his rights by denying him parole in 2014. Plaintiff also contends Fritz and Gardner violated his rights to due process and equal protection when they failed to follow statutory language in considering his parole application.  (FAC at 17-4A to 19-4A (ECF No. 16 at 22-24).)

### C.   Gang Classification

Plaintiff claims that at his 2014 parole hearing, his classification as a member of the DPH Blood gang played a role in the denial of parole.  However, he states that he was convicted in 1993 of being a member of the Militant Organized Brothers ("MOB").  He alleges his gang affiliation was changed from MOB, which is not a registered gang with the State of California, to DPH, apparently for the purpose of denying him parole.  Plaintiff contends the state's continued gang classification of him is racially motivated.  (FAC at 20-5A to 21-5A (ECF No. 16 at 26-27).)

Plaintiff alleges defendants Fritz and Gardner violated his rights and denied him a fair parole hearing when they determined he was a gang member.  (FAC at 22-5A (ECF No. 16 at 28).)

////

5

By way of relief, plaintiff requests a declaratory judgment, an injunction "against defendants actions complained of here," compensatory and punitive damages, and costs of suit. (FAC at 6-6A  (ECF No. 16 at 29-30).)

**III.    Does Plaintiff state a Cognizable Claim?**

Initially, the court notes that plaintiff's first claim and his second two claims are unrelated. Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a):  'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff's first claim challenges his transfer to, and retention at, PVSP.  That claim names numerous defendants who plaintiff alleges played some role in his transfer or retention. Plaintiff's second and third claims primarily involve his denial of parole.  Plaintiff alleges conduct by an entirely different set of defendants in these claims.  Because the court finds below that plaintiff has stated a potentially cognizable claim against some defendants regarding his transfer to, and retention at PVSP, the court will recommend proceeding with this action on only the claims related to plaintiff's exposure to Valley Fever and dismissal without prejudice of the remaining claims.

**A.  Eighth Amendment Standards**

Plaintiff's claims regarding his exposure to Valley Fever arise under the Eighth Amendment.  To state a claim under the Eighth Amendment for inhumane conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 847

6

1   (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010).  "Deliberate indifference

2   describes a state of mind more blameworthy than negligence" but is satisfied by something "less

3   than acts or omissions for the very purpose of causing harm or with knowledge that harm will

4   result."  Farmer, 511 U.S. at 835.  Plaintiff must demonstrate first that the seriousness of the risk

5   was obvious or provide other circumstantial evidence that defendants were aware of the

6   substantial risk to his health, and second that there was no reasonable justification for exposing

7   him to that risk.  Lemire v. Calif. Dep't of Corrs. and Rehab., 726 F.3d 1062, 1078 (citing

8   Thomas, 611 F.3d at 1150).

9          To state a § 1983 claim for deliberate indifference, plaintiff must describe each

10   defendant's conduct and show how it resulted in a violation of his Eighth Amendment rights.

11   Supervisory personnel are not liable for the actions of their subordinates under § 1983.  See

12   Taylor v. List, 880 F.2d 1040, 1045-46 (9th Cir. 1989) ("There is no respondeat superior liability

13   under section 1983." (Citation omitted.)).  Further, a prison official's processing of an inmate's

14   appeals, without more, cannot serve as a basis for § 1983 liability.  See Ramirez v. Galaza, 334

15   F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a

16   specific prison grievance procedure." (Citation omitted.)); Mann v. Adams, 855 F.2d 639, 640

17   (9th Cir. 1988) (due process not violated simply because defendant fails properly to process

18   grievances submitted for consideration); see, e.g., Todd v. Calif. Dept. of Corr. and Rehab., 615

19   Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper

20   "processing and handling of [ ] prison grievances," since prisoners have no "constitutional

21   entitlement to a specific prison grievance procedure" (quoting Ramirez, 334 F.3d at 860)).

22          **B.   Eighth Amendment Claims**

23      Plaintiff claims defendants Schwarzenegger, Cates, Ledesia, Wong, Scavette, Sisto, Yates,

24   and Shannon violated his Eighth Amendment rights when they ordered his transfer to PVSP,

25   retained him there, and/or failed to take precautions to protect inmates at PVSP from Valley

26   Fever.   Plaintiff alleges defendants Wong, Scavette, and Ledesia were responsible for the

27   decision to transfer plaintiff from CSP-Solano to PVSP despite his objections based on the risk of

28   ////

1  Valley Fever.  Plaintiff alleges he appealed the decision, and also otherwise notified, the warden

2  of CSP-Solano, defendant Sisto, but received no response.

3        Plaintiff contends defendants Yates, the warden at PVSP, and Shannon are liable because they

4  had responsibility for inmate safety at PVSP.  While plaintiff states that he requested a transfer

5  out of PVSP when he arrived, he does not explain who denied that request.

6        Plaintiff's contentions regarding defendants Schwarzenegger and Cate are simply that as the

7  governor and director of CDCR, respectively, these defendants had responsibility for inmate

8  safety and supervisory responsibility for the actions of correctional officials at the state's prisons.

9        This court is aware that this district has addressed the cognizability of claims such as

10  plaintiff's numerous times over the last several years, with varying results.  A number of judges

11  in this district have rejected prisoners' similar claims at the screening stage, including in cases in

12  which the prisoners contracted Valley Fever.  See, e.g., Sermeno v. Montery County Sup. Ct., No.

13  1:17-cv-0036 JLT (PC), 2017 WL 117890, at *4 (E.D. Cal. Jan. 12, 2017); Ronje v. Kramer, No.

14  1:15-cv-1753 LJO-BAM (PC), 2016 WL 7116721, at *5 (E.D. Cal. Dec. 6, 2016); Fields v.

15  Beard, 1:15-cv-0666 DAD DLB PC, 2016 WL 733824, at *6 (E.D. Cal. Feb. 24, 2016); Williams

16  v. Biter, No. 1:14-cv-2076 AWI GSA PC, 2015 WL 1830770, at *3 (E.D. Cal. Apr. 9, 2015);

17  Hines v. Youssef, No. 1:13-cv-0357-AWI-JLT, 2015 WL 164215, at *4 (E.D. Cal. Jan. 13, 2015).

18  Those judges relied on the following statement:  "Courts of this district have repeatedly found

19  that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the

20  first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of

21  harm."  See, e.g., Fields, 2016 WL 733824, at *6.

22        However, in Beagle v. Schwarzenegger, 107 F. Supp. 3d 1056 (E.D. Cal. 2014), Judge O'Neil

23  recognized that the Ninth Circuit Court of Appeals indicated that allegations such as plaintiff's

24  herein should state an Eighth Amendment claim.   In two cases, the Ninth Circuit reversed

25  findings that a plaintiff's Valley Fever exposure claim was not cognizable.  In Johnson v. Pleasant

26  Valley State Prison, 505 Fed. Appx. 631 (9th Cir. 2013), the court held that the prisoner's

27  allegation "that prison officials were aware that inmates' exposure to valley fever posed a

28  significant threat to inmate safety yet failed to take reasonable measures to avoid that threat" was

8

1    sufficient to survive screening under the "low threshold requirements of 28 U.S.C. § 1915A."

2    See also Smith v. Schwarzenegger, 393 Fed. Appx. 518 (9th Cir. 2010).

3        In light of Johnson and Smith, Judge O'Neil held plaintiffs' assertions that defendants

4    knowingly placed inmates in prisons where Valley Fever was already occurring at epidemic rates

5    and failed to implement even rudimentary measures to protect the plaintiffs was sufficient to state

6    Eighth Amendment claims.  Beagle, 107 F. Supp. 2d at 1069.  See also, Allen v. Kramer, No.

7    1:15-cv-1609-DAD-MJS (PC), 2016 WL 4613360, at *10-11 (E.D. Cal. Aug. 17, 2016) (finding

8    plaintiff stated Eighth Amendment claims based on his transfer to a prison in the Valley Fever

9    zone).

10       Later, however, in the class action Jackson v. Brown, 134 F. Supp. 3d 1237 (E.D. Cal. 2015),

11   Judge O'Neil found defendants were entitled to qualified immunity.  He held the same in a

12   number of related cases, including the Beagle case, filed under the name Smith v.

13   Schwarzenegger, 137 F. Supp. 3d 1233 (E.D. Cal. 2015).  Jackson and Smith have been appealed

14   and the cases, among others, are proceeding in the Ninth Circuit under the name Smith v.

15   Schwarzenegger, No. 15-17155 (appeal filed Oct. 28, 2015).  Oral argument in that case is set for

16   May 17, 2017.

17          Based on the authority above, and in recognition of this court's obligation to liberally

18   construe pro se pleadings, particularly at the screening stage, the undersigned finds plaintiff has

19   stated potentially cognizable Eighth Amendment claims against defendants Ledesia, Wong,

20   Scavette, Sisto, Yates, and Shannon.  Plaintiff has failed to state claims against defendants

21   Schwarzenegger and Cates.  Plaintiff must allege with some specificity what defendants

22   Schwarzenegger and Cates did, or did not do, that violated his rights.  Plaintiff will be permitted

23   an opportunity to amend his petition to allege claims against Schwarzenegger and Cates.

24   However, if he chooses not to do so, the case will proceed on plaintiff's claims against defendants

25   Ledesia, Wong, Scavette, Sisto, Yates, and Shannon.

26                              **AMENDING THE COMPLAINT**

27       Plaintiff is advised that in an amended complaint he must clearly identify each defendant and

28   the action that defendant took that violated his constitutional rights.  The court is not required to

1   review exhibits to determine what plaintiff's charging allegations are as to each named defendant.

2   Therefore, plaintiff's attachments to his fourth amended complaint were not considered part of his

3   claims.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The

4   charging allegations must be set forth in the amended complaint so defendants have fair notice of

5   the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in

6   support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See

7   Fed. R. Civ. P. 8(a).

8        Any amended complaint must show the federal court has jurisdiction, the action is brought

9   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

10  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

11  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

12  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

13  of a constitutional right if he does an act, participates in another's act or omits to perform an act

14  he is legally required to do that causes the alleged deprivation).

15       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

16  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

17  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

18  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

19       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

20  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

21  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

22  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

23  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

24  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

25  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

26       An amended complaint must be complete in itself without reference to any prior pleading.

27  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, his prior pleading is superseded.

28  ////

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's claims against defendants Schwarzenegger and Cates are dismissed with leave to amend.  If plaintiff chooses to amend his complaint, he must follow the procedures set forth in paragraph 2.  If he does not file an amended complaint within the time provided, this case will proceed on plaintiff's claims against defendants Ledesia, Wong, Scavette, Sisto, Yates, and Shannon, as described above.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Further, IT IS HEREBY RECOMMENDED that plaintiff's claims against defendants Brown, Fritz, Gardner, Shaffer, Artis, Rackley, and Beard be denied without prejudice to their renewal in a separate action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

////

////

////

////

////

////

1       Plaintiff is advised that failure to file objections within the specified time may result in

2  waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

3  1991).

4  Dated:  March 27, 2017

5

6                                       

7                              DEBORAH BARNES

    DLB:9                              UNITED STATES MAGISTRATE JUDGE

8  DLB1/prisoner-civil rights/john2269.fac scrn

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28