UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSHAY JOHNSON, | No. 2:15-cv-2269 MCE DB P |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| J. BREAD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his Eighth Amendment rights when he was transferred and exposed to Valley Fever. Before the court is defendants' motion to revoke plaintiff's IFP status. For the reasons set forth below, this court recommends defendants' motion be denied.

**MOTION TO REVOKE IFP**

**I.    In Forma Pauperis Statute**

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA"). The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. <u>Cano v. Taylor</u>, 739 F.3d 1214, 1219 (9th Cir. 2014). Section 1915(g) provides:

////

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has previously brought three frivolous actions or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). Section 1915(g) should be used to deny a prisoner's IFP status "only when, after careful evaluation of the order dismissing [each] action, and other relevant information, the district court determines that [each] action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it."). A dismissal qualifies as a strike only where the entire action was dismissed for a qualifying reason under the PLRA. Washington v. Los Angeles County Sheriff's Dep't, 833 F.3d 1048, 1055, 1057 (9th Cir. 2016) (citing Andrews v. Cervantes, 493 F.3d 1047, 1054 (9th Cir. 2007)).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding IFP unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d at 1052. To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews v. Cervantes, 493 F.3d at 1055.

Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed

because they were 'frivolous, malicious or fail[ed] to state a claim.'" Andrews v. King, 398 F.3d at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under 28 U.S.C. § 1915(g). Id.

**II.     Analysis**

Defendants contend the following five cases count as strikes for purposes of § 1915(g):   (1) Johnson v. California Dept. of Corr. and Rehab., et al., No. 2:13-cv-01730-KJM-KJN (E.D. Cal.); (2) Johnson, Oshay v. CMF, No. FCM125334 (Solano Co. Sup. Ct.); (3) Oshay Johnson vs. California Dept. of Corr. and Rehab. et al., No. 34-2010-00070895-CU-PO-GDS (Sacramento Co. Sup. Ct.); (4) Johnson v. The Superior Court of Sacramento County, No. C073566 (Cal. Ct. App., Third App. Dist.); and (5) Johnson v. The Superior Court of Sacramento County, No. C073834 (Cal. Ct. App., Third App. Dist.).

Four of the five cases identified by defendants are state court cases. Plaintiff's cases filed in state court were not brought "in a court of the United States" as the plain language of the statute requires. 28 U.S.C. § 1915(g); see also 28 U.S.C. § 451 (defining "court of the United States"). Therefore, state court filings do not qualify as strikes under 28 U.S.C. § 1915(g). See Hollis v. Downing, No. 2:09-cv-3431 FCD KJN P, 2010 WL 5115196, at *2 (E.D. Cal. Dec. 9, 2010). Defendants identify only one federal court case as a potential strike. Section 1915(g) requires a minimum of three. Therefore, defendants have not met their burden of showing three prior actions filed in a court of the United States that were dismissed because they were frivolous, malicious or failed to state a claim.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to revoke plaintiff's IFP status (ECF No. 32) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 24, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/john2269.mtn to revoke